# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN FINNERTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. CIV-06-367-KEW |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner, Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Claimant, John Finnerty, pursuant to 42 U.S.C. § 405(g), requests judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Claimant's application for disability benefits under the Social Security Act. In accordance with 28 U.S.C. § 636(c)(1) and (3), the parties have consented to proceed before a United States Magistrate Judge. Any appeal of this order will be directly to the Tenth Circuit Court of Appeals. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, the Court AFFIRMS the Commissioner's decision.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment..." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only if his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience,

engage in any other kind of substantial gainful work in the national economy..." Id. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term substantial evidence has been interpreted by the U.S. Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not reweigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also Casias, 933 F.2d at 800-01.

**Claimant Background**

---

[1] Step one requires claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. See id. §§ 404.1521, 416.921. If claimant is engaged in substantial gainful activity (step one) or if claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity (RFC) to perform his past relevant work. If claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

Claimant was born on December 20, 1944 and was 60 years old at the time of the hearing. Claimant completed a college and a Doctor of Chiropractic (DC) degree. Claimant has worked as a chiropractor for 26 years. He alleges an inability to work beginning November 1, 2003 due to pain in his shoulders and arms.

## Procedural Background

On December 3, 2003, Claimant protectively filed for disability insurance benefits under Title II of the Social Security Act (42 U.S.C. § 401, et seq.). On February 5, 2004, Claimant's application for benefits was denied initially. The claim was denied on reconsideration on June 21, 2004. A hearing before ALJ Lantz McClain was held on September 15, 2005 in McAlester, Oklahoma. By decision dated March 23, 2006, the ALJ found that Claimant was not disabled at any time through the date of the decision. On July 12, 2006, the Appeals Council denied review of the ALJ's findings. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while certain of Claimant's medical conditions were severe, Claimant did not meet a listing and retained the residual functional capacity to perform his past relevant work as a chiropractor.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in failing to: (1) perform the required analysis for a chiropractic physician; and (2) provide appropriate findings to support his residual functional capacity assessment.

## Treating Physician Rule

Claimant asserts the ALJ improperly rejected the RFC assessment submitted by a chiropractic physician. Claimant also argues that the ALJ failed to include an appropriate discussion of the weight attributed to the opinion.

Here, records from the McCartney Family Chiropractic Clinic extend from July 11, 2000 through September 21, 2003. Throughout these notes, Robert McCartney, D.C. references complaints in the left shoulder and left elbow. (Tr. 102-108). A Physical Medical Source Statement was completed on September 20, 2005 which found limitation in the ability to lift, carry, and reach with the left arm. Claimant had mild limitation in the ability to drive. (Tr. 110-111). Objective medical findings supporting these limitations were listed as "Limited ROM, X-Ray-osteophyte formations, crepitus in Left Shoulder, point tenderness at shoulder and elbow, weakness in muscles of shoulder, opaque appearance of [l]eft glenohumeral joint (fluid due to inflammation[).] (Tr. 111) "Shoulder pain is elicited when L arm is extended, abducted, externally rotated and moved into flexion. Pain is work when these ROM are done against resistance. There is mild crepitus when moving arm. There is pain elicited when digital pressure is applied to the shoulder joint and elbow." (Tr. 112). Additionally, the records show the opinion that "Patient's condition is inflamation (arthritis) of the glenohumeral joint and the associated bursa sac (bursitis) that is aggravated by repetitive stress and strain that occurs when he pushes against anything and when he straightens the arm to complete extension. Limiting these motions, resting and applying ice/heat therapy and mild ROM exercises with help with pain but returning to his previous work load would exacerbate condition in my opinion." Id.

The ALJ discussed the medical records submitted from the McCartney Family chiropractic clinic in his decision. The ALJ also included a discussion of the medical source statement from Robert McCartney. He found that the reports showed continuous improvement

during his period of treatment. (Tr. 17).

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: ("well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even is a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors referenced in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. At 1300-01. (Citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

This Court concurs with the Commissioner's position that Mr. McCartney's opinions are

only entitled to consideration as "other source" rather than as a "treating physician." 20 C.F.R. § 404.1513(e), 416.913(e). Soc. Sec. R. 06-3p, 71 Fed. Reg. 45593, 45595 clarifies that opinions from sources other than treating sources, non-treating sources, and non-examining sources should be evaluated on key issues such as impairment severity and functional effects, along with other relevant evidence in the file. "Each case must be adjudicated on its own merits based on a consideration of the probative value of the opinion and a weighing of all the evidence in that particular case." Id. at 45595-96.

On review, this Court finds the ALJ's discussion of "other source" records was sufficient to determine the weight attributed to the chiropractic records from the McCartney Clinic. Further, the ALJ's finding that gradual improvement was noted by the chiropractor was consistent with the medical evidence. Thus, the ALJ did not err by failing to attribute the appropriate weight to the opinion.

### RFC Assessment

Claimant asserts the ALJ's determination he could perform a full range of medium work is inconsistent with the finding of a severe impairments due to left shoulder and elbow inflammation. Thus, Claimant contends the ALJ's decision is unsupported by substantial evidence.

At step two of the sequential evaluation an ALJ is required to detemine whether the impairments alleged by the Claimant are "severe." 20 C.F.R. §§ 404.1520(a)(4)(ii),(c); 416.920(a)(4)(11),(c). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a); 416.921(a). Only "slight" impairments, imposing only a minimal effect on an individual's ability to work "are considered "not severe."

> An impairment or combination of impairments is found "not severe" and a finding of "not disabled" is made at [step two] when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work, even if the individual's age, education, or work experience were specifically considered[.]

Soc. Sec. R. 85028, 1985 WL 56856, at 3 (emphasis added.) See also Soc. Sec. R. 03-3p, 2003 WL 22813114, at 2.

Step two is designed to eliminate "at an early stage of the administrative process those individuals who cannot possibly meet the statutory definition of disability." Bowen v. Yuchert, 482 U.S. 137, 156 (1987)(O'Connor,J., concurring). See also, Langley v. Barnhart, 373 F.3d 1116, 1123 (10th Cir. 2004). "The mere presence of a condition or ailment" is insufficent to move on to further steps in the analysis. Id.

Here, the ALJ's step two determination that Claimant had a severe impairment from left shoulder and left elbow inflammation is clearly supported by medical documentation. As previously discussed, chiropractic records document complaints and treatment. Additionally, Claimant was referred for a consultative examination with Dr. Baha Abu-Esheh on January 24, 2004. By history, Claimant reports complaints with the elbows and shoulders. (Tr. 91). On examination, Dr. Abu-Esheh found pain was associated with range of motion of the elbows and shoulders. A full range of motion was noted in all extremities. (Tr. 92).

In the sequential evaluation, step four requires the ALJ to perform an RFC assessment to determine if a Claimant retains the ability to perform the functional demands and job duties of his past relevant work. See, 20 C.F.R. §§ 404.1520(e), 416.920(e). RFC is defined as what an individual is capable of doing despite his mental and physical limitations. Davidson v. Secretary of Health & Human Services, 912 F.2d 1246, 1253 (10th Cir. 1990); See also, 20 C.F.R. § 404.1545(a). RFC categories have been established based on the physical and mental demands

of various kinds of work in the national economy. 20 C.F.R. 404.1567. The RFC assessment is based primarily on medical findings such as symptoms, signs, and laboratory results. Medical and non-medical sources must also be considered in assessing RFC. 20 C.F.R. § 404.1545(a).

The ALJ's step four assessment was consistent with the medical report from the consultative physician. The ALJ did not err in his step four analysis.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied, therefore the ruling of the Commissioner of Social Security Administration is AFFIRMED.

DATED this 5th day of November, 2007.

KIMBERLY E. WEST  
UNITED STATES MAGISTRATE JUDGE